UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE LYNN FRANZ | No.  2:21-cv-583-KJN |
| Plaintiff, | ORDER |
| v. | (ECF Nos. 17, 20.) |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

    Plaintiff seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits.[1]  In her summary judgment motion, plaintiff contends (among other things) that the Appeals Council erred in excluding the opinion of plaintiff's treating psychiatrist, Dr. Vega, from the record in denying review of the Administrative Law Judge's ("ALJ") decision.  Plaintiff seeks a reversal of the Commissioner's final decision and a remand for a full award of benefits.  The Commissioner opposed, and filed a cross–motion for summary judgment.

    For the reasons that follow, the court GRANTS plaintiff's motion for summary judgment, DENIES the Commissioner's cross-motion, and REMANDS the final decision of the Commissioner for further administrative proceedings.

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties consented to proceed before a Magistrate Judge for all purposes.  (ECF Nos. 8, 13, 15.)

1

I.     **RELEVANT LAW**

The Social Security Act provides for benefits for qualifying individuals unable to "engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a). An ALJ is to follow a five-step sequence when evaluating an applicant's eligibility, summarized as follows:

> **Step one**: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> **Step two**: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> **Step three**: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> **Step four**: Is the claimant capable of performing past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
> **Step five**: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995); see also 20 C.F.R. §§ 404.1520(a)(4);. The burden of proof rests with the claimant through step four, and with the Commissioner at step five. Ford v. Saul, 950 F.3d 1141, 1148 (9th Cir. 2020).

A district court may reverse the agency's decision only if the ALJ's decision "contains legal error or is not supported by substantial evidence." Id. at 1154. Substantial evidence is more than a mere scintilla, but less than a preponderance, i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The court reviews the record as a whole, including evidence that both supports and detracts from the ALJ's conclusion. Luther v. Berryhill, 891 F.3d 872, 875 (9th Cir. 2018). However, the court may review only the reasons provided by the ALJ in the decision, and may not affirm on a ground upon which the ALJ did not rely. Id. "[T]he ALJ must provide sufficient reasoning that allows [the court] to perform [a] review." Lambert v. Saul, 980 F.3d 1266, 1277 (9th Cir. 2020).

The ALJ "is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities" of evidence in the record. Ford, 950 F.3d at 1154. Where evidence is susceptible to more than one rational interpretation, the ALJ's conclusion "must be upheld." Id. The court may not reverse the ALJ's decision on account of harmless error. Id.

2

## II.     BACKGROUND AND ALJ'S FIVE–STEP ANALYSIS

On January 18, 2019, plaintiff filed an application for Disability Insurance Benefits alleging an onset date of January 10, 2019.  (AT 176-82.)  Plaintiff claimed disability due to impairments of "Osteoarthritis; Manic Depression; Anxiety Disorder; Bipolar Disorder; Schizophrenia; Psychosis; [and] Breathing Issues."  (AT 75.)  Plaintiff's application was denied initially and upon reconsideration, and she sought review with an ALJ.  (AT 91, 110, 126-28.)  On July 14, 2020, plaintiff submitted a request to the agency to "remain generous about good cause" in plaintiff's submission of delayed records from plaintiff's treating psychiatrist, alleging the "'virus runs deep for all" and "caused considerable extra work for all parties involved."  (AT 278.)  Then at a video hearing on July 21, 2020, plaintiff testified that her worsening depression, suicidal thoughts, and schizophrenia precluded her from work, and a vocational expert ("VE") testified about available jobs.  (AT 36-73.)

On September 29, 2020, the ALJ issued a decision determining plaintiff was not disabled.  (AT 21-31.)  As an initial matter, the ALJ determined plaintiff met insured status through December 31, 2023.  (AT 23.)  At step one, the ALJ concluded plaintiff had not engaged in substantial gainful activity since January 10, 2019.  (AT 24.)  At step two, the ALJ determined plaintiff had the following severe impairments:  morbid obesity; chronic obstructive pulmonary disease; osteoarthritis of the right knee; sleep apnea; depression; anxiety; borderline personality disorder; and substance abuse disorder.  (Id.)  The ALJ found at step three that plaintiff's mental impairments do not meet the criteria of listings 12.04 for depressive, bipolar, and related disorders, 12.06 for anxiety and obsessive-compulsive disorders, and 12.08 for personality and impulse-control disorders.  (AT 24.)  In making this determination, the ALJ concluded plaintiff did not satisfy the "paragraph B" criteria, finding she only had mild limitations in understanding, remembering, or applying information and in interacting with others, and moderate limitations in her ability to concentrate, persist, or maintain pace and to adapt or manage herself.  (AT 25.)

The ALJ then found plaintiff had a residual functional capacity ("RFC") to perform a full range of medium work, except she is:

////

3

> able to occasionally climb ramps and stairs[;] cannot climb ropes, ladders or scaffolds[;] able to occasionally kneel and crouch[;] able to perform work at a steady pace, but cannot perform fast production work, or work in which the production requirements vary significantly from day to day[; and] requires a workplace with little change to the setting and routine.

(AT 26.)  In crafting this RFC, the ALJ stated she considered plaintiff's oral and written testimony, continued substance abuse, and husband's third party function report, as well as medical opinions regarding plaintiff's mental impairments and medical evidence in the record. (AT 26-29.)  The ALJ rejected the more severe aspects of plaintiff's subjective symptom testimony due to the opinions of examining state agency psychologists, plaintiff's inconsistent statements, the fact that her conditions were managed with medications, and other evidence in the medical record.  (AT 28-29.)  As to the medical opinions, the ALJ found "generally persuasive" the opinions of Dr. Marziano and Dr. Hawkins, two state agency psychologists who reviewed plaintiff's file and who assigned mild limitations in plaintiff's abilities to understand, remember, or apply information, adapt or manage oneself, and interact with others, and moderate limitations in plaintiff's ability to concentrate, persist, or maintain pace.  (AT 25, citing 81-86, 99-104.)  The ALJ found "persuasive in part" the opinion of Dr. Chandler, a psychologist who examined plaintiff and assigned mild to moderate limitations in plaintiff's ability to interact with others, poor concentration, and fair attention.  (AT 28, citing 416-17.)  The ALJ noted the opinion as only partially persuasive because plaintiff's psychiatric symptoms appeared "mostly controlled by medication" and Dr. Chandler's examination was "based on only one session in a structured environment."  (AT 28.)  The ALJ concluded that even though plaintiff was incapable of performing any past relevant work, there were other jobs exiting in significant numbers in the national economy she could perform, including counter supply worker, cleaner II, and housekeeper/laundry aid.  (AT 29-30.)  Thus, the ALJ found plaintiff was not disabled.  (AT 31.)

      On October 20, 2020, plaintiff filed a request for the Appeals Council to review the ALJ's decision.  (AT 173-75.)  Alongside, plaintiff submitted additional evidence:  an opinion from her treating psychiatrist Dr. Vega, dated July 22, 2020.  (See AT 8.)  Dr. Vega, described plaintiff as moderately limited in her ability to understand, remember, and carry out instructions, and

markedly limited in her abilities to withstand stress and adapt, interact with others, and maintain concentration and attention.  (ECF No. 20-1.)  Dr. Vega further opined plaintiff would likely miss "at least 75 percent of days" of work per a month, her limitations have "been going on for too much of patient's life and will continue in the near future," she "needs consistent follow up and extensive therapy," and her mental limitations are "present with and without substance abuse."  (Id.)  On January 21, 2021, the Appeals Council denied plaintiff's request to review the ALJ's decision.  (AT 7-9.)  The notice of denial stated:  "We find this evidence [Dr. Vega's opinion] does not show a reasonable probability that it would have changed the outcome of the decision.  We did not exhibit this evidence."[2]  (AT 8.)

Thereafter, plaintiff filed a motion for summary judgment in this court, and the parties filed cross-motions for summary judgment.  (ECF Nos. 1, 17, 20, 21.)

### III.    ISSUES PRESENTED

Plaintiff contends the ALJ's decision is not based on substantial evidence, arguing:  (A) the Appeals Council erred in excluding Dr. Vega's medical source statement in declining to reverse the ALJ's decision; and (B) the ALJ erred in rejecting the opinions of a consultative psychologist and two state agency psychologists, failed to adequately consider the impact of stress on plaintiff's mental functioning, and did not provide clear and convincing reasons for rejecting plaintiff's subjective symptom testimony.  (ECF Nos. 17, 21.)  Initially, plaintiff requested remand for an ALJ to develop the record including Dr. Vega's opinion, but on reply, plaintiff requests a remand to award a full payment of benefits.  (Cf. ECF No. 17 with ECF No. 21.)

The Commissioner argues the Appeals Council properly excluded Dr. Vega's opinions in denying review of the ALJ's decision.  The Commissioner further contends the ALJ properly discounted the opinions of the consultative psychologist and two other state agency psychologists, and provided sufficient reasoning supported by substantial evidence in discounting plaintiff's

---

[2] Because the Appeals Council excluded Dr. Vega's opinion from the record and declined to review the ALJ's decision, it was not included in the administrative transcript.  However, the Commissioner included the evidence as an exhibit in their cross motion.  (ECF No. 20-1.)

subjective symptom testimony. Thus, the Commissioner argues the ALJ's decision as a whole is supported by substantial evidence and results in affirmance. (ECF No. 20.)

## IV. DISCUSSION

### A. The Appeals Council committed reversible error in finding Dr. Vega's opinion could not have reasonably affected the outcome.

**Parties' Arguments Regarding Dr. Vega and the Appeals Council**

Plaintiff contends the ALJ's decision is not supported by substantial evidence, arguing Dr. Vega's medical source statement submitted to the Appeals Council should have been considered in the assessment of plaintiff's disability claim. Plaintiff argues there is a reasonable probability that Dr. Vega's opinion would change the outcome. (ECF No. 17.)

The Commissioner contends the ALJ's decision is supported by substantial evidence, and the Appeals Council properly excluded Dr. Vega's opinion from the record. The Commissioner reasons the Appeals Council properly found that Dr. Vega's opinion shows no reasonable probability of a different outcome because Dr. Vega failed to provide any explanation for the supportability or credibility of her statements. (ECF No. 20.)

**Legal Standards**

In requesting review of an ALJ's disability determination, the Appeals Council will consider additional evidence submitted by a claimant if the claimant satisfies good cause for not submitting it earlier. 20 C.F.R. § 404.970(b). Additional evidence considered by the Appeals Council is deemed part of the administrative record that a court must evaluate when reviewing the Commissioner's final decision for substantial evidence. Brewes v. Comm'r, 682 F.3d 1157, 1163 (9th Cir. 2012). Axiomatically, evidence not considered by the Appeals Council does not become part of the administrative record. See, e.g., Guzman v. Kijakazi, 2021 WL 6062645, at *3 (E.D. Cal. Dec. 22, 2021).

The Appeals Council may remand the ALJ's decision if the additional, considered evidence is material, relates to a time period before the ALJ's decision, and indicates a reasonable probability that the outcome would have been different had the ALJ had possession of the evidence. 20 C.F.R. § 404.970(a)(5); (Where the Appeals Council declines to reverse, the ALJ's

decision becomes the final, and the court can review the ALJ's decision based only on evidence in the record.)  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).

If the court determines the evidence is new, material, and outcome determinative, the case will be remanded.  See Vasquez v. Astrue, 572 F.3d 586, 597 (9th Cir. 2009) (remanding to allow ALJ to assess the results of psychological testing that the ALJ did not have the opportunity to review, and allow the ALJ to consider how this evidence might affect her RFC); see also Ford, 950 F.3d at 1154 (noting the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities); see also, e.g., Davis v. Saul, 2021 WL 2681442, at *5 (E.D. Cal. June 30, 2021) (finding harmful error in the Appeals Council's conclusion that there was no reasonable probability that the opinion of claimant's treating therapist expressing more severe mental limitations would result in a different determination).

**Analysis**

1. Dr. Vega's opinion is part of the record and was submitted late with good cause.

The Appeals Council's treatment of Dr. Vega's opinion appears contradictory.  On one hand, the Council stated it found "no reasonable probability [Dr. Vega's opinion] would have changed the outcome of the decision."  However, the Council then declined to "exhibit [the] evidence."  (AT 8.)  The undersigned construes this as indicating Dr. Vega's statement was in fact considered—otherwise the court cannot understand how the Council could have concluded the opinion would not have changed the outcome.  See, e.g., McLaughlin v. Saul, 2019 WL 3202806, *5 (E.D. Cal. July 16, 2019) (finding an Appeals Council's statement is ambiguous where it is not clear how an Appeals Council determined that the new evidence would not impact the outcome while simultaneously stating it was not considering the evidence); see also, e.g., Linnehan v. Berryhill, 2018 WL 6267846, at *8 (N.D. Cal. July 31, 2018) (noting how Appeals Council cannot consider the evidence to conclude that it "does not show a reasonable probability that it would change the outcome of the decision" and then exclude the evidence from the record based on the illogical conclusion that "[w]e did not consider and exhibit this evidence").  Thus, if Dr. Vega's opinion was considered by the Appeals Council, it is included as part of the administrative record.  See Brewes, 682 F. 3d at 1162-1163.

Further, plaintiff presumably satisfies good cause in submitting Dr. Vega's opinion to the Appeals Council. In plaintiff's request to the agency for additional time to submit evidence, she states: "The ramifications from the 'virus' [COVID-19] run deep for all. This has caused considerable extra work for all parties involved… we need to respectfully ask that you remain generous about good cause with the now onerous requirements of record submission." (AT 278.) Based on plaintiff's statement provided to the agency and the lack of opposition from the Appeals Council or Commissioner here, the undersigned finds plaintiff had good cause for failing to submit Dr. Vega's opinion earlier. See 20 C.F.R. § 404.970(b) (the Appeals Council will only consider additional evidence submitted for the first time to the Appeals Council if a claimant shows good cause for not timely submitting the evidence to the ALJ); see also 20 C.F.R. § 404.935(b) (noting that evidence submitted past the deadline may still be accepted if "some other unusual, unexpected, or unavoidable circumstance beyond [claimant's] control prevented [claimant] from informing [the Commissioner] about or submitting the evidence earlier").

2. The Appeals Council erred in finding there was no reasonable probability Dr. Vega's new and material opinion would have resulted in a different outcome.

Dr. Vega's opinion satisfies the new and materiality requirements, unchallenged by the Appeals Council and Commissioner here. Dr. Vega's medical source statement includes her opinions regarding plaintiff's limitations outlined by "Paragraph B" criteria.[3]  (ECF No. 20-1.) Although other medical opinions in the record assessed plaintiff's limitations, Dr. Vega's opinion is new as it was neither duplicative nor available prior to plaintiff's submission of other evidence. See 20 C.F.R. §§ 404.970(a)(5); see also, e.g., Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011) (noting evidence is new if it is not duplicative or cumulative); Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003) (noting evidence can be deemed new if it was not available when the ALJ issued the decision). Further, Dr. Vega's opinion is material in formulating plaintiff's RFC as it

---

[3] For all Social Security disability claims filed on or after March 27, 2017, the agency rates the degree of a claimant's mental limitations under "Paragraph B" criteria. 20 C.F.R. § 404.1520a(c)(4). Under this criteria, the agency rates claimant's functional limitations in their ability to (1) understand, remember or apply information; (2) interact with others; (3) concentrate, persist or maintain pace; and (4) adapt and manage oneself, using the five-point scale: none; mild; moderate, marked and extreme. Id.

is probative of her mental limitations during the time at issue.  See Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 511-12 (9th Cir. 1987) (finding that evidence probative of a claimant's condition during the relevant period is considered material).  Regarding whether a different outcome is probable, the court finds an ALJ might do so for a number of reasons.

Primarily, the undersigned notes the ALJ weighed the opinions of three doctors:  Dr. Marziano and Dr. Hawkins, who found plaintiff mildly impaired in three of the "Paragraph B" criteria (AT 25, citing 80-81, 99-100), and Dr. Chandler, who found plaintiff's concentration to be poor, her attention fair, and her ability to interact with others mildly-to-moderately impaired. (AT 28, citing 416-17.)  However, Dr. Vega's findings are more severe, noting plaintiff had marked limitations in her ability to withstand stress/adapt in the workplace, interact with others, and maintain concentration and attention.  (ECF No. 20-1.)  True, there may be little difference in the concentration, persistence and pace category, given Dr. Vega's "marked" findings on concentration may be similar to Dr. Chandler's "poor" finding—which the ALJ explicitly rejected.  However, a wider gap exists in the adaptation and interaction categories, as Dr. Vega found marked limitations there but the other opinions found only mild-to-moderate limitations. See, e.g., Ruby Ann R. v. Kijakazi, 2022 WL 897739, at *5 (D. Alaska Mar. 28, 2022) (finding there was a reasonable probability that a treating psychiatrist's opinion finding marked limitations in all the functional categories and an absence of three days monthly from work would change the outcome of the ALJ's decision because claimant's RFC may not have included all of plaintiff's mental limitations absent consideration of the opinion).

Further, courts have found a medical opinion could change the ALJ's outcome where it lends support to other opinions rejected by the ALJ.  Here, the ALJ found Dr. Chandler's more restrictive limitations less persuasive given the opinions of Dr. Marziano and Dr. Hawkins.  With Dr. Vega's opinion in the record, the ALJ could have found Dr. Chandler's opinion more persuasive, thereby indicating a reasonable probability of a different outcome.  See, e.g., Paula W. v. Kijakazi, 2022 WL 2439178, at *7 (N.D. Cal. July 5, 2022) (finding a nurse's opinion reasonably would have changed the outcome of the ALJ's disability determination because its finding of marked limitations in two, and extreme in one, of the four functional areas was

consistent the opinion of a therapist deemed unpersuasive by the ALJ); Jesus M. G. R. v. Kijakazi, 2021 WL 4243387, at *4 (N.D. Cal. Sept. 17, 2021) (finding a psychotherapist's opinions reasonably would have changed the outcome because they were similar to that of claimant's examining physician finding several marked limitations that the ALJ assigned "little weight" to). Additionally, given that the opinions of Dr. Marziano and Dr. Hawkins relied on by the ALJ contradict Dr. Vega's opinion, Dr. Vega's opinion could shift plaintiff's limitations towards a more restrictive outcome if found more persuasive. See White v. Kijakazi, 44 F.4th 828, 837 (9th Cir. 2022) (noting that new evidence which conflicts with evidence assessed by the ALJ presents a reasonable probability of a different outcome where the ALJ could credit the additional evidence with greater weight).

The Commissioner contends the Appeals Council correctly rejected Dr. Vega's opinion, as Dr. Vega failed to provide any explanation or objective findings for the supportability or consistency of her statements. (ECF No. 20 at 10.) The undersigned reads the Commissioner's argument as a request for the court to give specific weight to this evidence, but this is a task for the ALJ, not the court. See Ford, 950 F.3d at 1154 (noting the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities); see also 20 C.F.R. § 404.1520(c) (noting for claims filed on or after March 27, 2017, the ALJ primarily articulates supportability and consistency in resolving medical opinions); see also, e.g., Barone v. Kijakazi, 2022 WL 1239956 (D.N.M. Apr. 27, 2022) (finding a medical opinion with more restrictive limitations than the opinions considered by the ALJ, even if arguably inconsistent with the record, had a reasonable probability of a different outcome). Thus, the court rejects the Commissioner's argument here.

3. The Appeals Council's error is harmful.

Harmless error applies when a reviewing court can confidently conclude that no reasonable ALJ, when fully crediting the evidence, could have reached a different disability determination. See Stout v. Comm'r, 454 F.3d 1050, 1056 (9th Cir. 2006). However, the error is harmful where excluding the evidence was consequential to the ultimate disability determination. Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Circ. 2008). The undersigned agrees with

plaintiff that the Appeals Council's committed harmful error.

If found fully persuasive, Dr. Vega's opinion could result in a finding of disability at step three. 20 C.F.R. Part 404, Subpt. P, App. 1 § 12.00(A)(2)(b) (claimant cannot reasonably be expected to do any gainful activity where they satisfy at least two "marked" limitations or one "severe limitation of "Paragraph B" criteria). Even if found partially persuasive, Dr. Vega's opinion may alter plaintiff's RFC and affect the kinds of jobs available in the national economy. The ALJ's decision found that plaintiff could perform full range medium work with certain restrictions, based on finding plaintiff had mild limitations in understanding, remembering, or applying information and in adapting or managing oneself, and moderate limitations in interacting with others and in concentrating, persisting, or maintaining pace. (AT 24-25.) In crafting plaintiff's RFC, the ALJ relied on the VE's testimony that an individual with plaintiff's limitations could work in several steady pace roles. (AT 68-69.) However, the VE also testified that hypothetically a person with plaintiff's limitations who also struggles to stay on task for greater than 10 percent a day would be work preclusive from most jobs, and that a person with the plaintiff's limitations who would be absent at least two days a month would "likely be reprimanded or terminated." (AT 69-70.) In the evidence not considered by the ALJ, Dr. Vega opined plaintiff had marked limitations in her ability to concentrate, persist, or maintain pace and would likely miss "at least 75 percent of days" of work per a month due to her limitations. (ECF 20-1.) The VE's testimony supports finding that, had the ALJ considered Dr. Vega's opinion, the ALJ could have relied on the VE's hypotheticals in determining that plaintiff's difficulties with staying on task and significant likelihood of absence from work due to her limitations would preclude her from most, if not all, jobs. Therefore, Dr. Vega's opinion could have resulted in a more restrictive RFC assessment or even a different finding at step three, and thus a different finding of disability. Given the fact that Dr. Vega's opinion may be consequential in determining disability, the Appeals Council committed harmful error. See Tommasetti, 533 F.3d at 1038.

As to the remedy, plaintiff requests the court to remand for an award of benefits in response to the Commissioner's brief. However, the ALJ did not have the opportunity to consider or evaluate Dr Vega's opinion. As discussed, the ALJ could have reached an alternate conclusion

1  had Dr. Vega's opinion regarding plaintiff's more severe limitations been found persuasive. A
2  remand for an award of benefits is not appropriate here as the undersigned cannot confidently
3  conclude, in considering Dr. Vega's opinion, that an ALJ would find plaintiff disabled. See
4  Brown-Hunter v. Colvin, 806 F.3d at 495 (noting a remand for an award of benefits however is
5  only appropriate on a finding of disability, not the agency's error). It is the duty of the ALJ, not
6  the court, to evaluate the credibility of Dr. Vega's opinion and its impact on plaintiff's RFC and
7  ultimate disability determination. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015)
8  (holding that a disability determination rests with the ALJ and the Commissioner in the first
9  instance). Therefore, remand of the ALJ's decision for further proceedings is appropriate to
10 allow the ALJ to evaluate plaintiff's case in conjunction with the other evidence. See Garrison v.
11 Colvin, 759 F.3d 995, 1020 (9th Cir. 2014) (noting that the court retains flexibility to remand for
12 further proceedings where the record creates serious doubt as to whether the claimant is disabled).

**B. The court does not reach plaintiff's remaining arguments.**

In addition to her argument concerning Dr. Vega's opinion, plaintiff contends the ALJ erred in considering the other medical opinions and the impact of stress on her mental functioning as well as in discounting the more severe aspects of her subjective symptom testimony. Given that the proper remedy is to allow the ALJ to consider Dr. Vega's opinion on remand, and given the intertwined nature of plaintiff's other arguments, the undersigned declines to reach them.[4] A remand for further administrative proceedings allows the ALJ to reassess the entirety of plaintiff's mental limitations. See, e.g., Augustine ex rel. Ramirez v. Astrue, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) (noting that a court will not address remaining claims where it would not provide any further relief than already granted and the arguments can be addressed by the ALJ on

---

[4] The court does note some lack of clarity in the ALJ's assessment of Dr. Chandler's opinion. For example, the ALJ appears to have made an apples-to-oranges comparison between (a) plaintiff's poor concentration and fair attention and (b) her mild difficulty with enduring stress and interacting with the examiner. Further, it is unclear how Dr. Chandler's opinion can be found unpersuasive due to the fact that it was only based on one session, but Drs. Marziano's and Hawkins's opinions in the PAMFs can be found persuasive despite the fact that those reviewers had no contact with plaintiff. On remand, should the ALJ find the PAMFs and Dr. Chandler's opinion similarly persuasive, more clarity on the supportability and consistency prongs can be useful to a reviewing court (if, of course, a successive case comes before this court).

remand).

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is GRANTED;
2. The Commissioner's cross-motion (ECF No. 20) is DENIED;
3. The final decision of the Commissioner is REMANDED for further proceedings; and
4. The Clerk of Court is directed to CLOSE this case.

Dated: September 26, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD/BH,fran.583